**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANUEL KEVORK TERENKIAN; PENTONVILLE DEVELOPERS, LTD.; MARBLEARCH TRADING, LTD., *Plaintiffs-Appellees*, <br><br> v. <br><br> THE REPUBLIC OF IRAQ and THE REPUBLIC OF IRAQ, by and through State Oil Marketing Organization, *Defendants-Appellants*. | No. 10-56708 <br><br> D.C. No. 2:03-cv-05485-CBM-SH <br><br><br> ORDER |

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, Senior District Judge, Presiding

Argued and Submitted
December 6, 2011—Pasadena, California

Filed January 3, 2013

Before: John T. Noonan, Ronald M. Gould,
and Sandra S. Ikuta, Circuit Judges.

Order;
Dissent by Judge Noonan

# SUMMARY*

## Transfer of Venue

The court denied a petition for rehearing en banc in a case in which the panel reversed the district court's order (1) denying a motion to dismiss an action against the Republic of Iraq for breach of contracts to buy oil under the auspices of the United Nations Oil for Food Program and (2) transferring venue to the District Court for the District of Columbia.

Judge Noonan dissented from the denial of the petition for rehearing en banc. He wrote that the panel's decision (1) treats as timely an appeal made to a court, the D.C. Circuit, lacking jurisdiction to hear the appeal, and (2) departs from well-settled authority by splitting a whole case into two.

## COUNSEL

Edward L. Powers (argued), Zukerman Gore Brandeis & Crossman, LLP, New York, New York; Susan L. Hoffman and Robert A. Brundage, Bingham McCutchen, LLP, Los Angeles, California, for Appellant.

Melinda W. Ebelhar (argued), Edward C. Hsu, Edward D. Vaisbort, and G. David Rubin, Litchfield Cavo LLP, Pasadena, California; Alan Gura, Gura & Possessky, PLLC, Alexandria, Virginia, for Appellees.

* This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## ORDER

A majority of the panel has voted to deny Appellees' Petition for Rehearing En Banc. The petition for rehearing en banc was circulated to the judges of the court, and no judge requested a vote for en banc consideration.

The petition for rehearing en banc is DENIED.

---

NOONAN, Circuit Judge, dissenting from denial of the petition for rehearing:

## I. The Transfer Of The Whole Case

April 9, 2010. The District Court for the Central District of California filed an order denying Iraq's motion to dismiss for lack of subject matter jurisdiction due to sovereign immunity and denying Iraq's motion to dismiss for failure to arbitrate. The Order also found that the Central District of California was not the proper venue for this action and transferred it to the District Court for the District of Columbia.

April 13, 2010. The Order was entered on the docket for the Central District of California. The Order stated:

> The United States District Court for the Central District of California is not the proper venue. Moreover, a substantial part of the events or omissions did not take place in New York. Thus, the proper venue is the United States District Court for the District of Columbia.

> The Court transfers venue to the United States District for the District of Columbia.

Iraq appealed this order to the D.C. Circuit.

## II.  The Law

According to the treatise generally accepted as authoritative, a transfer of a case from one circuit to another is treated as a transfer of the whole case.  Wright and Miller write:

> When a motion for transfer under 28 U.S.C. Section 1404(a) has been granted, and the papers lodged with the clerk of the transferee court, it is well settled that the transferor court—and the appellate court that has jurisdiction over it—loses all jurisdiction over the case and may not proceed further with regard to it.

Wright & Miller, 15 Fed. Prac. & Proc. Juris 3846 (3d ed).

The April 2012 Supplement to Wright and Miller cites more cases applying the well-settled rule.

Only two exceptions to the "well-settled" rule are noted:

> (1) an appeal has been filed in the appellate court of the transferor before the transfer takes place;

> (2) the transfer is to a court lacking jurisdiction to hear the case. *Id.*

Neither of these exceptions apply here.

Why should this court in this case break from the well-settled rule?  The reasons offered for doing so are not persuasive.  I set out in italics these unpersuasive points.

*(1)  The losing party in the transferor district court would have had to appeal quickly.*  Promptness does not strike me as a penalty.  If the rule is not followed, a real problem is created by the creation of two jurisdictions dealing with one case.  In any event, this argument is not relevant here where the appeal of the transfer was not timely because the appeal was made to the wrong court.

*(2)  The Fourth Circuit provides contrary precedent. Wye Oak v. Republic of Iraq*, 666 F.3d 805 (4th Cir. 2011) rests its authority on *TechnoSteel, LLC v. Beers Construc. Co.*, 271 F.3d 151 (4th Cir. 2001).  There, the district court used its *discretionary* authority to transfer a case to a district court in the Eleventh Circuit. Under its law, the Eleventh Circuit would have had no authority to review the case. *TechnoSteel v. Beers*, 271 F.3d at 156.  The case was appealable only to the Fourth Circuit.  *Id.*  Appellate review would have been altogether unavailable if the transfer was effective.  Such a result would have been fundamentally unfair.

In *Wye Oak*, the district court transferred the case to the D.C. Circuit.  The D.C. Circuit stayed the transfer. The appellant then appealed to the circuit court embracing the transferor district court, the Fourth Circuit, which then accepted the appeal.  *Wye Oak* speaks specifically of an "appealable, and timely appealed, decision[] of [a] district court." 666 F.3d at 209.  The appeal was timely, so

distinguishing *Wye Oak* from our case. In our case the appeal was to the wrong court. The difference is not a small detail.

Neither *Wye Oak* nor *TechnoSteel* is relevant here. Here, Iraq had the opportunity to appeal to the circuit embracing the transferor court, the Ninth Circuit. It did not do so.

Two additional but unpersuasive points may be considered. *First, the rule in question is not strictly jurisdictional.* Therefore, as the Supreme Court stated in *Bowles v. Russell*, 551 U.S. 205, 212 (2007), the rule can be relaxed by the Supreme Court. The difficulty with this argument is that the Supreme Court has not relaxed the rule in this case.

*Second, 28 U.S.C. § 2107 gives Iraq 30 days to appeal.* But Iraq appealed the order to the wrong court. An appeal to the transferee court is not an appeal to the transferor court. Iraq's appeal to the wrong court did not give jurisdiction to this court.

**Conclusion.** The decision of our court treats as timely an appeal made to a court lacking jurisdiction to hear the appeal.

The decision of our court is unsupported by Fourth Circuit authority.

Departing from well-settled and unchallenged authority, the decision of our court splits a whole case into two.

Solomon challenged two litigants before him to split the whole baby each claimed. When one refused, Solomon knew that she must be the mother. This ancient story comes to mind as the Republic of Iraq seeks to split a whole case in

two. One doesn't need to be a Solomon to know that a single lawsuit should not be split in half.